IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAYR KILAAB AL GHASHIYAH (KHAN),

                        Petitioner,

v.                                                    OPINION & ORDER

GARY BOUGHTON, DEAN STENSBURG,                15-cv-514-jdp
and EDWARD WALL,[1]

                        Respondents.

---

     Petitioner Tayr K. al Ghashiyah, formerly known as John Casteel, has filed a document styled as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Al Ghashiyah is in custody pursuant to two judgments of conviction entered by the Circuit Court for Brown County in 1985 and 1986 for bank robbery. In his petition, al Ghashiyah alleges that he was incorrectly given a "repeater" sentence enhancement of 10 years, he is being held past his mandatory release date, prison staff has miscalculated and unlawfully stripped him of good-time credits, and he has not been released even though he has completed rehabilitation programs.

     Al Ghashiyah labels his petition as one under § 2241, stating that filing under this statue is appropriate because he challenges the execution of his sentence. This is generally true for *federal* prisoners, but state prisoners' requests for relief are governed by 28 U.S.C. § 2254. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). This is an important distinction, because 28 U.S.C. § 2244(b) generally prohibits "second or successive" § 2254

---

[1] The proper respondent for this habeas petition is Gary Boughton, warden of the Wisconsin Secure Program Facility, the prison in which al Ghashiyah is currently incarcerated. *See* Rule 2(a) of the Rules Governing Section 2254 Cases. Respondents Stensburg and Wall will be dismissed.

petitions. Al Ghashiyah cannot avoid this rule by labeling his as one under § 2241. *Id*. ("Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.").

This rule affects al Ghashiyah in two ways. First, he cannot bring claims concerning a "repeater" sentence enhancement, because he has already unsuccessfully challenged his bank robbery convictions and sentences in a § 2254 petition, *Al Ghashiyah v. Smith*, 101 F.3d 110 (Table), 1996 WL 625616 (7th Cir. 1996). He has also has filed subsequent habeas petitions in this court that have been dismissed, *see* Western District of Wisconsin Case Nos. 08-cv-413-slc, 09-cv-236-slc, and 10-cv-172-slc, and has been denied leave to proceed on second or successive petitions by the court of appeals, *see* Seventh Circuit Case Nos. 07-2048, 09-1448, and 09-2064.[2] Accordingly, I will dismiss the repeater sentence enhancement claims from this case.

Al Ghashiyah's remaining claims appear to concern events that occurred after his previous § 2254 litigation. Therefore, the "second or successive petition" rule does not bar these claims because the factual predicate for them was not available when his other motions were pending. *United States v. Obeid*, 707 F.3d 898, 903 (7th Cir. 2013). But this rule might still have a potential effect on *future* habeas petitions al Ghashiyah files, because a later petition could be second or successive to this one. All of the habeas claims he wishes to bring

---

[2] Even if al Ghashiyah sought leave from the Seventh Circuit to bring these claims, he would likely have to overcome a sanction to do so. The court of appeals has ordered that until he pays $500, "any papers he submits attacking his current criminal judgment shall be returned and any applications for leave to file collateral attacks will be deemed denied on the 30th day unless the court otherwise orders." *Al Ghashiyah v. Huibregtse*, No. 09-2775, slip op. at 2 (7th Cir. Oct. 26, 2009). I do not take this sanction to apply to filings in this court.

concerning events that occurred after his most recent habeas, and up to the present day, must be included in this petition, or he would likely lose the chance to litigate any of those claims in the future.

Because al Ghashiyah styled his petition as one under § 2241, he may not be aware that this petition will have an effect on future § 2254 petitions. For this and other reasons, district courts have been instructed to warn a habeas petitioner of the court's decision to recharacterize a petition, and give the petitioner a chance to withdraw it or amend it to include all potential claims. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Simpson v. Pollard*, No. 15-1319, slip op. at 2 (7th Cir. June 22, 2015). Accordingly, I will direct al Ghashiyah to respond to this order, confirming that he wishes to proceed with his petition as one under § 2254. If al Ghashiyah left any potential claims out of his petition because he thought it was not subject to the rules governing § 2254 petitions, he should submit an amended petition including *all* the claims he wishes to bring.

But even if al Ghashiyah wishes to pursue his current claims under § 2254, it is unlikely he will be able to proceed with them, at least given his current allegations. I will discuss each of those claims separately below. When he responds to this order explaining whether he wishes to withdraw his petition or proceed with it as a § 2254 petition, he will need to address the problems I discuss below.

A. Mandatory release date

Al Ghashiyah contends that he is being held past both his "mandatory release date" and "maximum discharge date" under Wisconsin law. But these claims are premised on al Ghashiyah's belief that his mandatory release date was in 2005 and his maximum discharge date was in 2015. He attaches a "Notification of Sentence Data" showing these

3

dates. Dkt. 1-1, at 1. But this document is dated December 27, 1985, and concerns al Ghashiyah's 30-year sentence for the first of his two bank robbery convictions, Brown County Case No. 85CF780. Public records and previous court decisions make clear that these dates were amended by al Ghashiyah's sentence in the second of his cases, Brown County Case No. 85CF1026.[3] In March 1986, al Ghashiyah received a 20-year sentence consecutive to the sentence in the '780 case. This is why courts have routinely described al Ghashiyah as having a 50-year sentence. *See, e.g., Ghashiyah v. Huibregtse*, No. 09-cv-236-slc, 2009 WL 1578484, at *1 (W.D. Wis. June 3, 2009); *State v. Casteel*, 2001 WI App 188, ¶ 1, 247 Wis. 2d 451, 634 N.W.2d 338. Contrary to al Ghashiyah's assertions, the Department of Corrections' "inmate locator" website lists him as having a mandatory release date in March 2021 and a maximum discharge date in July 2035.[4]

Because the record directly contradicts al Ghashiyah's asserted basis for release, I would not allow him to proceed on this claim as presently alleged if I were conducting the formal screening of his petition under Rule 4 of the Rules Governing Section 2254 Cases. But because I am giving him a chance to either withdraw his petition or confirm that he means to bring it under § 2254, I will give him a chance to explain why I should not dismiss this claim.

**B. Good-time credits**

Al Ghashiyah contends that prison officials have miscalculated or incorrectly deprived him of good-time credits. But his allegations suffer from the same problems as his claims in previously dismissed habeas actions. He makes only vague assertions that officials have

---

[3] Wisconsin Court System Circuit Court Access for Brown County Case No. 85CF1026 at http://wcca.wicourts.gov (last visited December 5, 2016).

[4] *See* http://offender.doc.state.wi.us/lop/ (last visited December 5, 2016).

4

miscalculated his good time and unlawfully taken away some of his good-time credits. This court has already warned al Ghashiyah that he cannot vaguely assert deprivation of good time without explaining which proceedings he is discussing or explaining whether he has attempted to exhaust his administrative and state court remedies before filing a habeas action here:

> Further, petitioner is again raising the claim that he has been deprived of good time credits because of 150 "invalid conduct reports." As in case no. 09-236-bbc, petitioner does not provide any dates or facts relating to any disciplinary proceedings and he makes no showing that he has properly exhausted both his administrative and state court remedies with respect to any particular disciplinary proceeding. Petitioner may not proceed with these challenges in this petition for the same reasons that he was denied to proceed on them in his previous case. The dismissal of his petition will be without prejudice, so that petitioner may raise this claim in another petition for a writ of habeas corpus if he files his claim with the proper documentation. If he does not, his petition will be dismissed with prejudice.

*Al Ghashiyah v. Huibregtse*, No. 10-cv-172-slc (W.D. Wis. May 13, 2010). See also *al Ghashiyah v. Huibregtse*, No. 09-cv-236-slc (W.D. Wis. June 3, 2009); *al Ghashiyah v. Huibregtse*, No. 08-cv-413-slc (W.D. Wis. Aug. 20, 2008). When al Ghashiyah responds to this order, he should amend his petition to explain what disciplinary proceedings he is challenging and how he has exhausted his administrative and state court remedies.

**C. Earned Release Program**

Finally, al Ghashiyah contends that prison officials refuse to release him even though he must be released under the "Earned Release Program," Wis. Stat. § 302.05 ("Wisconsin substance abuse program"). That statute states in relevant part:

> [I]f the department determines that an eligible inmate serving a sentence other than one imposed under s. 973.01 has successfully completed a treatment program described in sub.

5

> (1), the parole commission shall parole the inmate for that sentence under s. 304.06, regardless of the time the inmate has served. If the parole commission grants parole under this paragraph, it shall require the parolee to participate in an intensive supervision program for drug abusers as a condition of parole.

Wis. Stat. § 302.05(3)(b). Al Ghashiyah states that he has indeed completed programming under the program, so the state has no choice but to release him.

But I will not allow al Ghashiyah to proceed on this claim at this point because he does not appear to have exhausted his administrative and state court remedies on this claim. Al Ghashiyah contends that there are no available state remedies. He states that the usual state court certiorari action to challenge DOC sentence-length determinations is not available because granting his early release is a ministerial act. He cites *State ex rel. Nelson v. Sundquist*, 137 Wis. 292, 118 N.W. 836, 837 (1908), for the proposition that ministerial acts cannot be reviewed on certiorari. Al Ghashiyah's reliance on *Nelson* is likely incorrect, as the Wisconsin Court of Appeals has already rejected a similar proposition in a good-time credits case. *See State ex rel. Parker v. Fiedler*, 180 Wis. 2d 438, 456-457, 509 N.W.2d 440 (Ct. App. 1993) ("If the Department has calculated good time in a way that contravenes the statute, such calculation is not ministerial but, rather, a clear violation of law, reachable via certiorari.") (internal quotation omitted), *rev'd on other grounds*, 184 Wis. 2d 668, 517 N.W.2d 449 (1994).

But even if a certiorari action were not available, that does not mean al Ghashiyah is out of options in state court. He would still have to bring a petition for writ of habeas corpus in state court before filing this federal § 2554 petition. *See Jones v. Morgan*, No. 11-CV-936, 2012 WL 663878, at *2 (E.D. Wis. Feb. 29, 2012) ("Under Wisconsin law, the appropriate vehicle for challenging the computation of a sentence is a petition under Wis. Stat. § 782.03

for a writ of habeas corpus."), citing *State v. Johnson*, 101 Wis. 2d 698, 703 (Ct. App. 1981). Because al Ghashiyah alleges that his deprivation of liberty is ongoing, he should still be able to petition the state courts for release. If he has already raised the Earned Release Program claim to the state courts, he should inform this court of that when he responds to this order.

ORDER

IT IS ORDERED that:

1. Petitioner Tayr K. al Ghashiyah may have until December 27, 2016, to respond to this order by:

    - Explaining whether he wishes to withdraw this petition or proceed with it under 28 U.S.C. § 2254

    - Amending his petition to include all claims he wishes to bring in this case, and showing cause why the court should not dismiss each of his claims, as discussed in the opinion above

2. Petitioner's claims concerning a "repeater" sentence enhancement are DISMISSED from the case.

3. Respondents Stensburg and Wall are DISMISSED from this action.

Entered December 6, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge