IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TAYR KILAAB AL GHASHIYAH,

                      Petitioner,

v.                                               OPINION and ORDER

BRIAN FOSTER,                                    15-cv-514-jdp

                      Respondent.[1]

Petitioner Tayr K. al Ghashiyah, formerly known as John Casteel, brings this case styled as a petition for writ of habeas corpus under 28 U.S.C. § 2241 that I have concluded is properly brought under 28 U.S.C. § 2254. Al Ghashiyah is in custody pursuant to two judgments of conviction for bank robbery entered by the Circuit Court for Brown County in 1985 and 1986.

In a March 27, 2018 order, I concluded that some of al Ghashiyah's claims did not belong in this § 2254 action, and others plainly did not entitle him to relief. *See* Dkt. 27. But I concluded that he raised a potential claim for relief about prison officials' refusal to release him after he completed the state's Earned Release Program, so I order the petition served on respondent. *Id.* I also denied his motions to proceed as a class action and for my recusal. *Id.*

The state responded by filing a motion to dismiss the petition, Dkt. 35, which is now fully briefed.[2] Al Ghashiyah has filed a motion for reconsideration of the March 27 order, Dkt. 31, a motion to sanction respondent for transferring him to WCI without the court's

---

[1] Al Ghashiyah was recently transferred to Waupun Correctional Institution, so I have amended the caption to name the WCI warden as the proper respondent.

[2] Al Ghashiyah filed a motion to supplement his response to the motion to dismiss his petition with three pages of additional argument. Dkt. 38. I will grant that motion and consider the supplement.

approval, Dkt. 33, and a motion to enforce a settlement agreement that he says he made with the state, Dkt. 39. For reasons discussed below, I will deny al Ghashiyah's motions and I will grant respondent's motion to dismiss the case because al Ghashiyah fails to show that his custody violates federal law.

ANALYSIS

A. Motion for sanctions

Al Ghashiyah has filed a motion to sanction respondent for transferring him to WCI without the court's approval, Dkt. 33, citing Federal Rule of Appellate Procedure 23(a). Under that rule, "[p]ending review of a decision in a habeas corpus proceeding . . . the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule."). But this rule, as the title suggests, is limited to cases being heard on appeal. The rule does not apply to cases pending in district courts. So I will deny al Ghashiyah's motion.

B. Motion to enforce settlement agreement

Al Ghashiyah has filed a motion to enforce a settlement agreement. Dkt. 39. But respondent says that the parties have not agreed to a settlement. Further filings by al Ghashiyah show that he offered to settle the case but that counsel for respondent rejected that offer a few weeks later. *See* Dkt. 40-1. Al Ghashiyah argues that under the Uniform Commercial Code, counsel's failure to respond more promptly means that counsel "acquiesced by silence." *See* Dkt. 40, at 3. This argument is preposterous: the UCC doesn't say what al Ghashiyah claims it does, the UCC doesn't apply to the parties here, and counsel was under no obligation to entertain the offer. So I will deny the motion.

**C. Motion for reconsideration**

Al Ghashiyah has filed a motion he titles "Notice of Common Law Objection and Reconsideration," Dkt. 31, that I will construe as a motion to reconsider various rulings in my March 27, 2018 order. He reiterates his arguments that he has adequately pleaded claims for denial of good-time credits, that some of his claims are not barred by the successive-petition rule because this is really a petition under 28 U.S.C. § 2241, and that I should recuse myself because the case has progressed too slowly. But he does not present any persuasive reason for me to depart from the reasoning contained in my previous orders addressing these topics. *See* Dkt. 13 and Dkt. 27. So I will deny his motion for reconsideration, leaving only respondent's motion to dismiss his claim about the Earned Release Program.

**D. Earned Release Program**

Al Ghashiyah's contends that prison officials refuse to release him even though he must be released under the "Earned Release Program," Wis. Stat. § 302.05, also known as the "Wisconsin Substance Abuse Program," an early-release opportunity for certain offenders who successfully complete a substance-abuse treatment program.

Section 302.05(3)(b) states in relevant part:

> [I]f the department determines that an eligible inmate serving a sentence other than one imposed under s. 973.01 has successfully completed a treatment program described in sub. (1), the parole commission shall parole the inmate for that sentence under s. 304.06, regardless of the time the inmate has served. If the parole commission grants parole under this paragraph, it shall require the parolee to participate in an intensive supervision program for drug abusers as a condition of parole.

Section 302.05(1)(am) specifically refers to substance-abuse treatment as the programming required for a prisoner to qualify for early release under this law. Al Ghashiyah says that he indeed completed programming under the program, yet the state still refuses to release him.

3

In my previous orders, I stated that this claim appeared destined to fail because there was no indication that al Ghashiyah has exhausted his state court remedies for this claim by litigating the Earned Release Program issue through one round of review in the state court system. Al Ghashiyah responded to my initial order on his petition by providing an explanation of his exhaustion that was somewhat difficult to understand, but in which he appeared to say that the state courts had either denied or mishandled a state habeas petition and postconviction motion on the issue. I directed the state to respond to al Ghashiyah's petition while noting that respondent would be free to raise exhaustion or procedural default in his briefing.

Respondent now moves to dismiss the petition in part arguing that al Ghashiyah has indeed failed to exhaust the Earned Release Program claim. But the state notes its difficulty in showing that al Ghashiyah has never raised the issue in one of the dozens of proceedings that he has brought to the court of appeals, many of which were resolved without written opinions. *See* Dkt. 35, at 6; *see also* al Ghashiyah's appellate litigation history at wscca.wicourts.gov. For his part, al Ghashiyah does not identify a specific case in which he raised the issue. Instead, his brief in opposition largely focuses on a series of frivolous arguments in which he seems to be attempting to excuse his failure to exhaust his claims: he questions whether exhaustion is truly required and he ultimately suggests that courts lack the authority to properly hear his claims: he asserts that there have not been any proper "constitutional judicial courts" since 1789.

Thus it seems highly unlikely that al Ghashiyah has exhausted his state court remedies. But I need not decide that issue. Regardless whether al Ghashiyah exhausted his Earned Release Program claim, and even without the parties identifying a state court ruling to review, I conclude on a *de novo* basis that his Earned Release Program claim fails on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the

4

merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

The problem for al Ghashiyah is that the scant evidence he provides in support of his claim is not nearly enough to plausibly show that he qualified for release under the Earned Release Program. He says that while he was incarcerated at Wisconsin Resource Center, he completed anger management and "personal development" programs, and that these two programs served "as their substance abuse program." Dkt. 37, at 47. He submits certificates showing that he completed those programs. Dkt. 37-1, at 40–41. But on the face of it, he did not actually take substance-abuse programming, and he provides no other evidence showing how those programs could count as a substance-abuse program under the Earned Release Program, or even develop an argument for why this would be so.

Instead, the evidence shows the opposite: classification reports provided by the parties state that he indeed completed anger management training, but they state that he is ineligible for the Early Release Program because his judgment of conviction is silent about the program and because his poor conduct record and custody level do not meet the criteria for the program. *See* Dkt. 37-1, at 13 (November 2008 inmate classification report); Dkt. 33-1 (April 2018 inmate classification report).

It is al Ghashiyah's burden to show that he is in custody in violation of the Constitution or laws of the United States, and his conclusory assertions come nowhere close to making that showing. Therefore, I will grant respondent's motion to dismiss the petition.

**E. Certificate of appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain

a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Because reasonable jurists would not debate either my previous or current rulings dismissing each of al Ghashiyah's claims, I will not issue him a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

ORDER

IT IS ORDERED that:

1. Petitioner Tayr K. al Ghashiyah's motion to supplement his response to the motion to dismiss his petition Dkt. 38, is GRANTED.

2. Petitioner's motion for sanctions, Dkt. 33, is DENIED.

3. Petitioner's motion to enforce a settlement agreement, Dkt. 39, is DENIED.

4. Petitioner's motion for reconsideration, Dkt. 31, is DENIED.

5. Respondent's motion to dismiss petitioner's petition for a writ of habeas corpus under 28 U.S.C. §; 2254, Dkt. 35, is GRANTED. This case is DISMISSED.

6. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered January 18, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge