District Court for United States

Tayr Kilaab al Ghashiyah (Khan)
  -v-                       Petitioner,      Case No. 2015-CV-0514
Brian Foster,
                          Respondents.

## Notice of Appeal

Please Take Notice that the undersigned, pro se., herein appeal to the purported Seventh Circuit Court of Appeals from an opinion and order and final judgment entered on January 18, 2019(solar) by District Court Judge, James Peterson, who denied the undersigned's petition for Habeas Corupus.

        Executed on this 20th day of January 2019(solar)

This Notice of Appeal is supported by a Jurisdictional Statement to Seventh Circuit Court of Appeal attached to this Notice for Appeal.

WHEREFORE, the undersigned respectfully request the district court to grant the Motion and affidavit to proceed on Appeal without costs.

                                      Submitted By;

                                      Tayr Kilaab al Ghashiyah (Khan)
                                         without prejudice
                                         P.O. Box 351
                                         Waupun, WI 53963

LEGAL 080584

United States Seventh Circuit Court of Appeals

| | | |
|---|---|---|
| Tayr Kilaab al Ghashiyah (Khan) | | |
| -v- | Petitioner, | Case No. |
| Brian Foster, | Respondents. | District case no. 2015-CV-514 |

## Jurisdictional Statement

Please Take Notice, that, this is the undersigned, pro se., statement of jurisdictional required by Local Rule 3(c) for United States Court of Appeals, or the Seventh Circuit to wit:

Under 28 USC § 1291, appellate court have jurisdiction over final decisions of the district courts. In general, a decision is final for purpose of § 1291, if it ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment. see, Baltimore Oriores -v- Major League Baseball Players Ass'n, 805 F.2d 663, (7th Cir), cert denied, 107 S.Ct. 1593 (1987).

On January 18, 2019(solar), the district court enter its final order. Generally, an order constitutes a final decision if it ends the litigation and leaves nothing to be decided in the district court. see, Adams -v- Lever Bros. Co., 874 F. 2d 393, 394 (1989)("The test for finality is not whether the suit is dismissed with prejudice or without prejudice on the merits or on a jurisdictional ground or an a procedural ground....[t]he test is whether the district court has finish with the case. Hill -v- Puter, 352 F. 3d 1142. 1144 (2003)

It is clear that the district court's opinion is the last order the district court planned to enter in this case and, therefore, it is the final order in this case. see, Health Cost Control of Illinois -v- Washington, 187 F. 3d 703, 706 (1999), cert denied, 528 US 1136 (2000).

The district court's opinion and order and the clerk's subsequent entry of the judgment on January 18, 2019(solar) make it clear that the litigation had ened. US -v- Menendez, 48 F. 3d 1401, 1408 (1995).
LEGAL 080584

The undersigned contends, since the district court's order which denied habeas corpus action and/or proceedings effectively terminated the litigation leaving the undersigned with no other choice but to file the present appeal.

When the case is over in the district court, the unsuccessful party may appeal. Id.

WHEREFORE, for the reasons discussed herein, the undersigned respectfully request the Court to retain its jurisdiction over this case for habeas corpus and permit this appeal.

Executed on this 20th day of January 2019(solar)

Submitted By;

Tayr Kilaab al Ghashiyah (Khan)
without prejudice
P.O. Box 351
Waupun, WI 53963

LEGAL 08084