IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TAYR KILAAB AL GHASHIYAH,

                                    Petitioner,                                    ORDER

            v.

BRIAN FOSTER,                                                                    15-cv-514-jdp

                                    Respondent.

Petitioner Tayr K. al Ghashiyah, formerly known as John Casteel, brought this case styled as a petition for writ of habeas corpus under 28 U.S.C. § 2241 that I concluded was properly brought under 28 U.S.C. § 2254. I dismissed many of al Ghashiyah's claims in a March 27, 2018 order, Dkt. 27. But I concluded that the parties should brief al Ghashiyah's potential claim for relief about prison officials' refusal to release him after he completed the state's Earned Release Program. *Id.* In a January 18, 2019 order, I dismissed the Earned Release Program claim as meritless. Dkt. 42.

Al Ghashiyah followed with a notice of appeal and motion for leave to proceed *in forma pauperis* on appeal. But the Court of Appeals for the Seventh Circuit directed the clerk of this court to return those documents as unfiled, under the terms of sanctions orders issued by the court of appeals. *See* Dkt. 44; *see also al Ghashiyah v. Huibregtse*, No. 09-2775, slip op. at 2 (7th Cir. Oct. 26, 2009) (until al Ghashiyah pays $500, "any papers he submits attacking his current criminal judgment shall be returned and any applications for leave to file collateral attacks will be deemed denied on the 30th day unless the court otherwise orders.").

In response, al Ghashiyah filed a document titled "Notice of Common Law Objections and Lawful Remedy," in which he contends that this court has erroneously interpreted the

sanctions order. Dkt. 50. He attaches a recent order from the court of appeals vacating a judgment of the Eastern District of Wisconsin applying the sanctions order because al Ghashiyah's materials in that case appeared to be contesting the denial of his parole application, not his past criminal convictions. *See al Ghashiyah v. Foster*, No. 18-3636 (Jan. 23, 2019). I take him to be arguing that the same principle should apply here.

Given that some of al Ghashiyah's claims in this case indeed have to do with events about his proper release date, not the convictions themselves, al Ghashiyah may very well have a point. But nonetheless I must deny his motion because it was not this court's decision to return his materials; it was the court of appeals' decision. He will have to raise this argument directly to the court of appeals.

Should al Ghashiyah choose to continue this litigation by raising the sanction issue with the court of appeals, he should be aware that even if his appeal were reinstated, I would deny his motion for leave to proceed *in forma pauperis* on appeal, because I conclude that it is not taken in good faith. To find that an appeal is in good faith, a court must find that a reasonable person could suppose that the appeal has some merit. *Walker v. O'Brien*, 216 F.3d 626, 631–32 (7th Cir. 2000). But for the reasons stated in my orders dismissing al Ghashiyah's various claims, I conclude that his claims are so lacking in merit that no reasonable person could suppose that his appeal has some merit. So should al Ghashiyah be given permission by the court of appeals to file his appeal, he will not be able to proceed with it without prepaying the $505 filing fee unless the court of appeals gives him permission to do so.

ORDER

IT IS ORDERED that petitioner Tayr K. al Ghashiyah's "Notice of Common Law Objections and Lawful Remedy," Dkt. 50, is DENIED.

Entered February 4, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge